# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| Terria Holcomb, as Personal Representative of the Estate of Darius L.J. Holcomb, | Case No.: 7:25-cv-02731-JDA-WSB |
| Plaintiff, | |
| v. | |
| City of Spartanburg, Dylan Davis, and Sean Jacob Coats, | **Answer by Defendant City of Spartanburg** |
| Defendants. | **(Jury Trial Demanded)** |

The Defendant City of Spartanburg, answering the Complaint of the Plaintiff, would respectfully show unto the Court as follows:

## FOR A FIRST DEFENSE

1. The Defendant would show that the Plaintiff's Complaint fails to state facts sufficient to constitute causes of action against the Defendant and that the alleged causes of action so stated in said Complaint fail to state claims on which relief can be granted and, therefore, the Complaint should be dismissed as to the Defendant.

## FOR A SECOND DEFENSE

2. The allegations contained in the first defense hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

3. The Defendant denies each and every allegation contained in Plaintiff's Complaint not hereinafter specifically admitted, modified or explained.

4. The Defendant admits, upon information and belief, the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

5. The Defendant admits the allegations contained in Paragraphs 2 through 5 of the Plaintiff's Complaint.

6. The allegations contained in Paragraphs 6 and 7 of the Plaintiff's Complaint do not pertain to the Defendant and, therefore, no response is required from the Defendant.

7. The Defendant admits the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

8. In as much as the allegations contained in Paragraph 9 of the Plaintiff's Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

9. In response to the allegations contained in Paragraphs 10 and 11 of the Plaintiff's Complaint, the Defendant would state that this action has been removed to the United States District Court. The Defendant would admit that if the action remained in State court that venue was proper in Spartanburg County as the acts set forth in the Complaint occurred in Spartanburg County. Any remaining allegations contained in Paragraphs 10 and 11 of the Plaintiff's Complaint are denied.

10. The Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraphs 12 through 20 of the Plaintiff's Complaint and therefore denies same.

11. As to the allegations contained in Paragraph 21 of the Plaintiff's Complaint, the Defendant specifically admits that a warrant was issued because Darius Holcomb failed to register as a sex offender as required by South Carolina law and also failed to pay a $100.00 fine as required by South Carolina law; however, the Defendant denies the remaining allegations contained in Paragraph 21 of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

12. The Defendant admits the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

13. The Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 23 of the Plaintiff's Complaint and therefore denies the same.

14. The Defendant denies as stated the allegations contained in Paragraphs 24 and 25 of the Plaintiff's Complaint. TNT teams are highly trained units specializing in numerous interventions, including barricaded suspects.

15. The Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint and demands strict proof thereof.

16. The Defendant denies as stated and/or based on lack of information and belief the allegations contained in Paragraphs 27 through 45 of the Plaintiff's Complaint and demands strict proof thereof.

17. In responding to the allegations contained in Paragraph 46 of the Plaintiff's Complaint, the Defendant specifically admits that an additional warrant was issued against Mr. Holcomb for resisting arrest; however, the Defendant denies the remaining allegations contained in Paragraph 46 of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

18. The Defendant admits the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

19. The Defendant denies as stated the allegations contained in Paragraph 48 of the Plaintiff's Complaint and demands strict proof thereof.

20. In responding to the allegations contained in Paragraphs 49 through 53 of the Plaintiff's Complaint, the Defendant specifically admits that Defendant Davis called Sgt. Colegrove and asked for TNT to respond to Mr. Holcomb's home and that he obtained a second warrant for

resisting arrest; however, the Defendant denies the remaining allegations contained in Paragraphs 49 through 53 of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

21. As to the allegations contained in Paragraph 54 of the Plaintiff's Complaint, the Defendant specifically admits that Officer Dylan Davis sent Deputy Coates text messages; however, the Defendant denies the remaining allegations contained in Paragraph 54 of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

22. As to the allegations contained in Paragraph 55 of the Plaintiff's Complaint, the Defendant specifically admits that Officer Logan Bradshaw sent Deputy Coates text messages; however, the Defendant denies the remaining allegations contained in Paragraph 55 of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

23. The allegations contained in Paragraph 56 of the Plaintiff's Complaint do not pertain to the Defendant and, therefore, no response is required from the Defendant.

24. The Defendant denies the allegations contained in Paragraph 57 of the Plaintiff's Complaint and demand strict proof thereof.

25. The allegations contained in Paragraphs 58 through 63 of the Plaintiff's Complaint do not pertain to the Defendant and, therefore, no response is required from the Defendant.

26. The Defendant admits the allegations contained in Paragraphs 64 through 67 of the Plaintiff's Complaint.

27. The allegations contained in Paragraph 68 of the Plaintiff's Complaint do not pertain to the Defendant and, therefore, no response is required from the Defendant.

28. The Defendant admits the allegations contained in Paragraph 69 of the Plaintiff's Complaint.

29. As to the allegations contained in Paragraphs 70 and 71 of the Plaintiff's Complaint, the Defendant specifically admits that on at least 2 occasions chemical munitions were deployed into Darius Holcomb's bedroom in order to obtain his cooperation and surrender for lawful arrests which he refused; however, the Defendant denies the remaining allegations contained in Paragraphs 70 and 71 of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

30. The allegations contained in Paragraphs 72 through 75 of the Plaintiff's Complaint do not pertain to the Defendant and, therefore, no response is required from the Defendant.

31. The Defendant admits, upon information and belief, the allegations contained in Paragraph 76 of the Plaintiff's Complaint.

32. The Defendant denies the allegations contained in Paragraph 77 of the Plaintiff's Complaint.

33. The allegations contained in Paragraphs 78 and 79 of the Plaintiff's Complaint do not pertain to the Defendant and, therefore, no response is required from the Defendant.

34. The Defendant denies the allegations contained in Paragraphs 80 and 81 of the Plaintiff's Complaint and demands strict proof thereof.

35. The Defendant admits, upon information and belief, the allegations contained in Paragraph 82 of the Plaintiff's Complaint.

36. The Defendant denies the allegations contained in Paragraph 83 of the Plaintiff's Complaint and demands strict proof thereof.

37. The Defendant admits, upon information and belief, the allegations contained in Paragraph 84 of the Plaintiff's Complaint.

38. The Defendant denies the allegations contained in Paragraphs 85 through 89 of the Plaintiff's Complaint and demands strict proof thereof.

39. In response to the allegations contained in Paragraph 90 of the Plaintiff's Complaint, the Defendant incorporates by reference thereto their answers to Paragraphs 1 through 89 of the Plaintiff's Complaint set forth above.

40. The Defendant denies the allegations contained in Paragraphs 91 through 93 of the Plaintiff's Complaint and demands strict proof thereof.

41. In response to the allegations contained in Paragraph 94 of the Plaintiff's Complaint, the Defendant incorporates by reference thereto their answers to Paragraphs 1 through 93 of the Plaintiff's Complaint set forth above.

42. The Defendant denies the allegations contained in Paragraphs 95 through 98 of the Plaintiff's Complaint and demands strict proof thereof.

43. In response to the allegations contained in Paragraph 99 of the Plaintiff's Complaint, the Defendant incorporates by reference thereto their answers to Paragraphs 1 through 98 of the Plaintiff's Complaint set forth above.

44. The Defendant denies the allegations contained in Paragraphs 100 through 105 of the Plaintiff's Complaint and demand sstrict proof thereof.

45. In response to the allegations contained in Paragraph 106 of the Plaintiff's Complaint, the Defendant incorporates by reference thereto their answers to Paragraphs 1 through 105 of the Plaintiff's Complaint set forth above.

46. The Defendant denies the allegations contained in Paragraphs 107 through 113 and the Wherefore Paragraph of the Plaintiff's Complaint and demands strict proof thereof.

**FOR A THIRD DEFENSE**

47. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

48. The Defendant asserts all defenses and immunities pursuant to §15-78-110 of the South Carolina Code of Laws and, therefore, Plaintiff's Complaint should be dismissed.

**FOR A FOURTH DEFENSE**

49. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

50. The Defendant asserts all rights and defenses under § 15-78-120 of the South Carolina Code of Laws; including, but not limited to limitation on damages prohibition against punitive damages; therefore, Plaintiff's Complaint should be dismissed.

**FOR A FIFTH DEFENSE**

51. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

52. The Defendant would show that they are not liable to the Plaintiff for any amount based upon the limitations of liability as set forth in §15-78-200 of the South Carolina Code of Laws and, therefore, Plaintiff's Complaint should be dismissed.

**FOR A SIXTH DEFENSE**

53. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

54. The Defendant asserts all defenses and immunities pursuant to § 15-78-70 and § 15-78-200 of the South Carolina Code of Laws; therefore, Plaintiff's Complaint should be dismissed.

## FOR A SEVENTH DEFENSE

55. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

56. The Defendant asserts all rights and defenses under §15-78-30 (f) & (g) of the South Carolina Code of Laws, and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE

57. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

58. To the extent Plaintiff's Complaint seeks a jury trial as to the amount of punitive damages, if any, to be awarded, such claim fails, as Plaintiff has no right to have a jury determine the appropriate amount of punitive damages.

## FOR A NINTH DEFENSE

59. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

60. The Defendant hereby asserts that they are entitled to qualified immunity under *Harlow v. Fitzgerald,* 457 U.S. 800 (1982), and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TENTH DEFENSE

61. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

62. The Defendant asserts all immunities under the Eleventh Amendment of the United States Constitution and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN ELEVENTH DEFENSE

63. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

64. The Defendant asserts as an affirmative defense the Public Duty Rule under South Carolina law.

## FOR A TWELFTH DEFENSE

65. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

66. The Defendant alleges that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiff, which exceeds the negligence and/or willfulness, if any, on the part of the Defendant, without which greater negligence and/or willfulness on the part of the Plaintiff, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiff is totally barred from recovery.

## FOR A THIRTEENTH DEFENSE

67. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

68. Alternatively, the Defendant alleges that if any injuries or damages were sustained by the Plaintiff, said injuries and damages were caused by the negligence and/or willfulness of the Plaintiff, combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of the Defendant and for that reason the Plaintiff's recovery, if any, shall be reduced in proportion to the amount of his own negligence.

## FOR A FOURTEENTH DEFENSE

69. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

70. The Defendant alleges that any personal injuries or property damages sustained by the Plaintiff, as alleged in the Complaint, were due to and caused by the sole acts of negligence, recklessness and wantonness on the part of the Plaintiff, and that sole negligence, recklessness and wantonness of the Plaintiff was the proximate cause of his injuries.

## FOR A FIFTEENTH DEFENSE

71. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

72. The Defendant alleges that the Plaintiff knew or should have known of the dangers attendant in this action and also knew or should have known that by engaging in this conduct, he assumed the risk of being involved in the accident in the fashion in which they were. Nevertheless, the Plaintiff freely and voluntarily engaged in this conduct even though he knew or should have known of the attendant risks of doing so and that in so doing, they assumed the risk of being involved in the accident and sustained the injuries and damages for which he is now complaining. Accordingly, his claim is barred.

## FOR A SIXTEENTH DEFENSE

73. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

74. The Defendant pleads all statutory, regulatory, and/or common law authorizations and privileges as a complete defense and bar to any and all of Plaintiff's causes of action, including but not limited to the applicable provisions of Title 23, Chapter 23.

### FOR A SEVENTEENTH DEFENSE

75. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

76. Any actions by the Defendant were all based in good faith, solely on appropriate reasons and the same is pled as a bar to this action.

### FOR AN EIGHTEENTH DEFENSE

77. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

78. The Defendant denies that the matter asserted by the Plaintiff in the Complaint falls within the purview of 42 U.S.C. §1983 or 1988. The Defendant further denies that any constitutional right(s) of the Plaintiff were violated.

### FOR A NINETEENTH DEFENSE

79. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

80. The Defendant would show that in regard to the allegations of wrongdoing in their official capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiff's causes of action against the Defendant. Therefore, the Plaintiff's Complaint should be dismissed.

### FOR A TWENTITH DEFENSE

81. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

82. The Defendant would show that at all times alleged in the Plaintiff's Complaint, they acted reasonably and in good faith and did not violate any clearly established right of the Plaintiff and, therefore, are qualifiedly immune from suit.

### FOR A TWENTY-FIRST DEFENSE

83. The allegations contained in the defenses hereinabove set fort are incorporated herein and made a part of this defense by reference thereto.

84. The Defendant would show that they were never deliberately indifferent to any of the Plaintiff's needs or rights and, therefore, the Plaintiff's Complaint should be dismissed.

### FOR A TWENTY-SECOND DEFENSE

85. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

86. The Defendant, at all times relevant hereto and during the performance or non-performance of the acts alleged in the Plaintiff's Complaint, did not perform any acts or fail to perform any acts in bad faith, in a malicious manner, with corrupt motives, or with deliberate indifference, and the Defendant is therefore immune from suit.

### FOR A TWENTY-THIRD DEFENSE

87. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

88. The Defendant would show that their actions with regard to the Plaintiff was based upon an objectively reasonable right based upon the existing law, which objectionable reasonable rights is a complete bar to the Plaintiff's causes of action against the Defendant. Therefore, Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-FOURTH DEFENSE

89. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

90. At all times relevant hereto, the Defendant's agent/employee was a government official performing discretionary functions and actions which could reasonably have been thought consistent with the rights of the Plaintiff and for which it is alleged to have violated; and, thus, the Defendant is entitled to immunity as a matter of law.

## FOR A TWENTY-FIFTH DEFENSE

91. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

92. The Defendant assert sall rights and defenses under § 15-78-60; including but not limited to subsections 1, 2, 3, 4, 5, 6, 17, 18, 19 and 25 of the South Carolina Code of Laws. Therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-SIXTH DEFENSE

93. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

94. The Defendant asserts all defenses and immunities pursuant to § 15-78-70 of the South Carolina Code of Laws; therefore, Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-SEVENTH DEFENSE

95. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

96. The Defendant asserts all rights and defenses pursuant to § 15-78-100 of the South Carolina Code of Laws; therefore, Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-EIGHTH DEFENSE

97. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

98. The Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in one or more of the following particulars:

   (a) That the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

   (b) That, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness.

   (c) That the amount of punitive damages awarded is based upon the wealth of these Defendants in violation of their right to equal protection of the laws.

## FOR A TWENTY-NINTH DEFENSE

99. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

100. The Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution of Law in that:

   (a) The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, and caprice is inconsistent with due process guarantees;

   (b) Any award or punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) Any of award of punitive damages based upon the wealth of these Defendants violate due process guarantees;

(d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard covering with imposition of punitive damages exists, the standard is void of vagueness; and

(f) The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that amount of punitive damages is based upon the wealth of these Defendants.

## FOR A THIRTIETH DEFENSE

101. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

102. The Defendant pleads the doctrine of sovereign immunity as a complete bar to the Plaintiff's action.

## FOR A THIRTY-FIRST DEFENSE

103. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

104. The Defendant asserts any other right, immunity or defenses under the South Carolina Tort Claims Act (§15-78-10, *et seq.,* of the South Carolina Code of Laws) which were not previously raised herein as an affirmative defense to the Plaintiff's Complaint and, therefore, Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-SECOND DEFENSE

105. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

106. The Defendant further alleges and asserts that any state tort claims against them are subject to the immunities, defenses and limitations as to liability, recovery and damages set out in the South Carolina Tort Claims Act, including those contained in §§ 15-78-20(b), 15-78-40, 15-78-50, 15-78-70, 15-78-100(a), 15-78-110, 15-78-120(a)(1) and (2), 15-78-120(b), 15-78-200 and 15-78-60.

## FOR A THIRTY-THIRD DEFENSE

107. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

108. The doctrine of estoppel bars any claims for injuries or damages by Plaintiff, all of which Defendant denies.

## FOR A THIRTY-FOURTH DEFENSE

109. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

110. The Defendant asserts that they are not "persons" for purposes under 42 U.S.C. §1983, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-FIFTH DEFENSE

111. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

112. The Defendant pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, et seq., as amended.

## FOR A THIRTY-SIXTH DEFENSE

113. The Defendant places the Plaintiff on notice that it will subsequently move to amend this Answer should it appear through discovery or continued fact investigation that additional defenses and/claims are available.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendant prays that they be dismissed and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

s/ Stacey Todd Coffee
Stacey Todd Coffee (Fed. ID 6812)
Logan & Jolly, LLP
Post Office Box 259 (29622)
1805 North Boulevard
Anderson, SC  29621
Attorneys for Defendants City of Spartanburg

Dated: 4/2/25

These Defendants hereby demand a trial by jury.

| s/ Stacey Todd Coffee | 4/2/25 |
|---|---|
| Stacey Todd Coffee | Date |